**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Texas Nrgize #1 Incorporated, | No. CV15-0337-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Kahala Franchise Corporation, et al., | |
| Defendants. | |

Plaintiff has filed a motion to compel arbitration and stay judicial proceedings. Doc. 39. The motion is fully briefed and no party has requested oral argument. Docs. 43, 46. The Court will deny the motion.

**I.      Background.**

Plaintiff Texas Nrgize #1, Inc. is a Texas corporation with its principal place of business in Tarrant County, Texas. Doc. 1-5, ¶ 1. Plaintiff entered into a Franchise Agreement with Defendant Kahala Franchise Corporation to operate a Nrgize juice and snack bar inside an L.A. Fitness gym. Doc. 39 at 1-2; Doc. 1-5, ¶ 3. The Franchise Agreement includes a Single Unit Facility License Agreement (the "Sublicense") between Plaintiff and Kahala Holdings, L.L.C., which allows Plaintiff to enter the L.A. Fitness location to operate its franchise. Doc. 39 at 2. The Sublicense contains an arbitration clause requiring that "any controversy, dispute or claim between the parties arising out of, in connection with or in relation to this Agreement . . . shall, on the written request of either party served on the other, be submitted to arbitration for resolution."

Doc. 39 at 2.

Plaintiff filed a complaint against Defendants in state court in Tarrant County, Texas on June 14, 2014, alleging breach of contract and violations of the Texas Business Opportunities Act.  Doc. 1-5.  Kahala Franchise Corp. subsequently assigned its interest in the franchise in question to Kahala Franchising, L.L.C., an Arizona limited liability company.  Doc. 1 at 2.  Defendants removed the case to the United States District Court for the Northern District of Texas and then obtained transfer to this Court pursuant to the forum selection clause in the Franchise Agreement.  Doc. 7 at 1.

On April 16, 2015, more than ten months after it initiated this lawsuit, Plaintiff moved to compel arbitration.  Doc. 39.  Plaintiff argues that Defendants are bound by the arbitration clause contained within the Sublicense and that the claims in this case stem from both the Franchise Agreement and the Sublicense.  *Id*. at 7; Doc. 46 at 2-3.  Defendants argue that "neither Plaintiff's nor Kahala's claims fall within the Sublicense's arbitration clause" and that "Plaintiff's initiation of the Complaint and extended participation in litigation have waived an alleged right to demand arbitration."  Doc. 43.

## II.   Legal Standard.

The Federal Arbitration Act creates a national policy favoring arbitration.  *Preston v. Ferrer*, 552 U.S. 346, 349 (2008).  A written arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  But the "right to arbitration, like any other contract right, can be waived."  *United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 921 (9th Cir. 2009).  "[T]he filing of a complaint, an answer, a counterclaim or a third party complaint does not waive the right to pursue arbitration."  *Creative Telecomms., Inc. v. Breeden*, 120 F. Supp. 2d 1225, 1232 (D. Haw. 1999).  "'Waiver of a contractual right to arbitration is not favored,' and, therefore, 'any party arguing waiver of arbitration bears a heavy burden of proof.'"  *Richards v. Ernst & Young, LLP*, 744 F.3d 1072, 1074 (9th Cir. 2013) (quoting *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986)).  "Specifically, '[a] party seeking to prove waiver of a right to arbitration must

demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts.'" *Id.* (quoting *Fisher*, 791 F.2d at 694).

**III.   Choice of Law.**

Unless the arbitration agreement specifies that state law controls the rules for arbitration, the issue of waiver is decided under federal law. *Sovak v. Chugai Pharm. Co.*, 280 F.3d 1266, 1269-70 (9th Cir. 2002).  "[T]he strong default presumption is that the FAA, not state law, supplies the rules for arbitration." *Id.* at 1269.  General choice-of-law clauses do not override this presumption. *Id.* at 1269-1270.

Plaintiff argues that Texas law should control because § 14(b) of the Sublicense provides that the law of the state where the Identified Facility is located will govern the Sublicense and any dispute arising under the Sublicense.  Doc. 39 at 7; Doc. 10 at 12.  As the Ninth Circuit held in *Sovak*, however, such a general choice of law provision does not override the strong presumption that federal law controls.  280 F.3d at 1269-70.  The Court will apply federal law.

**IV.   Waiver.**

The three prongs of the waiver test established by the Ninth Circuit are satisfied in this case.

First, Plaintiff had knowledge of its right to compel arbitration.  The arbitration clause is explicitly set out in § 14(a) of the Sublicense, and the Sublicense was signed by Plaintiff's representatives.  Doc. 10 at 13-14; *see Hoffman Const. Co. of Or. v. Active Erectors and Installers, Inc.*, 969 F.2d 796, 798 (9th Cir. 1992) (finding that the contract itself informs a party of the arbitrability of its claim when the arbitration clause is contained within the contract).  Moreover, Plaintiff has admitted that it made a conscious decision to pursue litigation in state court "instead of initiating arbitration in accordance with the Sublicense" in order to minimize expenses.  Doc. 46 at 5.

Second, Plaintiff acted inconsistently with its right to compel arbitration.  Filing a lawsuit and seeking legal relief is inconsistent with such a right.  *See United Computer*

*Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 765 (9th Cir. 2002) (holding that filing a lawsuit instead of paying an administrative arbitration fee is inconsistent with an arbitration clause and that filing a state court complaint seeking monetary damages satisfies the first two prongs of the waiver test); *see also Riverside Publ'g. Co. v. Mercer Publ'g. L.L.C.*, 829 F. Supp. 2d 1017, 1020 (W.D. Wash. 2011) (holding that filing suit and requesting monetary relief without mentioning the arbitrability of claims is inconsistent with a right to compel arbitration).

Plaintiff initiated this litigation by filing a complaint in Texas state court and seeking legal relief through monetary damages.  Doc. 1-5.  Plaintiff engaged in motion practice by filing its response to Defendants' motion to transfer, again without mentioning the arbitration clause.  Doc. 14; Doc. 20.  Plaintiff participated in the case management conference on April 17, 2015, and served initial disclosures.  Doc. 44; Doc. 45.  All of this is inconsistent with Plaintiff's right to arbitrate.

Third, Defendants have suffered prejudice from Plaintiff's delay in seeking arbitration.  The Ninth Circuit has not established a comprehensive test for evaluating this factor.  *Riverside Publ'g. Co.*, 829 F. Supp. 2d at 1021-1022.  "[It] has considered the duration and substantive extent of litigation in court as an indicator of prejudice."  *Id.* at 1021.  "It has also considered delay in proceedings, costs and expenses resulting from litigation, and loss of witnesses as a result of delay."  *Id.*

As a result of Plaintiff's filing of this lawsuit and waiting ten months before seeking arbitration, Defendants have incurred the expense of filing answers and counterclaims, removing this case to federal court, seeking and obtaining a transfer to Arizona, retaining Arizona counsel, participating in a Rule 26(f) conference and preparing a Rule 26(f) report, participating in a case management conference, and providing initial disclosures.  Plaintiff's delay has imposed substantial costs on Defendants – costs which will aid in the completion of this litigation, which would have been largely unnecessary if Plaintiff had timely invoked its right to arbitrate, and which will have been wasted if arbitration is now granted.  These costs and the loss of ten

months in resolving this dispute satisfy the prejudice requirement of waiver.  *See Plows v. Rockwell Collins, Inc.*, 812 F. Supp. 2d 1063, 1068 (C.D. Cal. 2011) (finding that a delay in moving for arbitration resulting in 13 months of legal fees and establishing a different litigation strategy constituted prejudice sufficient for waiver); *Kelly v. Pub. Util. Dist. No. 2 of Grant Cnty.*, 552 Fed. Appx. 663, 664 (9th Cir. 2014) (determining that prejudice would result if parties were forced to initiate arbitration after 11 months of litigation); *see also Hoffman*, 969 F.2d 796, 799 (finding prejudice in the "staleness of the claim" after a delay in moving to compel arbitration).  And, of course, Plaintiff's delay is utterly inconsistent with the fundamental goals of speed and efficiency established by the FAA. *Lyzwa v. Chu*, No. C-97-20053, 1998 WL 326768, at *4 (N.D. Cal. Feb. 2, 1998).

The Court finds that all three factors of the Ninth Circuit test are satisfied and that Plaintiff has waived its right to compel arbitration.

**IT IS ORDERED** that Plaintiff's Motion to Compel Arbitration and Stay Judicial Proceedings (Doc. 39) is **denied**.

Dated this 15th day of June, 2015.


_____
David G. Campbell
United States District Judge

- 5 -